**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERVICES, | No. 09-17649 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-04398-MHP |
| v. | MEMORANDUM[*] |
| JOHN A. WAGNER, Director of the California Department of Social Services, in his official capacity; GREGORY ROSE, Deputy Director of the Children and Family Services Division of the California Department of Social Services, in his official capacity, | |
| Defendants - Appellants. | |

| | |
|---|---|
| CALIFORNIA ALLIANCE OF CHILD AND FAMILY SERVICES, | No. 10-15593 |
| Plaintiff - Appellee, | D.C. No. 3:06-cv-04095-MHP |
| v. | MEMORANDUM[*] |
| JOHN WAGNER, Director of the California Department of Social Services, in his official capacity; GREGORY ROSE, | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| Deputy Director of the Children and Family Services Division of the California Department of Social Services, in his official capacity, |
| --- |
| Defendants - Appellants. |

Appeals from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted January 12, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

These appeals concern the same parties and legal issues and have been consolidated for the purpose of disposition.

In Appeal No. 10-15593, Defendant-Appellants John Wagner, Director of the California Department of Social Services, and Gregory Rose, Deputy Director of the Children and Family Services Division of the California Department of Social Services, state officials named in their official capacities (State), appeal the scope of the district court's judgment in favor of Plaintiff-Appellee California Alliance of Child and Family Services (Alliance), entered on remand from this

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court in *Cal. Alliance of Child and Family Services v. Allenby*, 589 F.3d 1017 (9th Cir. 2009) (*Allenby*).

In Appeal No. 09-17649, the State appeals the scope of the district court's preliminary injunction order in favor of Alliance that enjoins the implementation of a ten percent reduction in foster care maintenance payment rates mandated by recently-enacted state legislation. *See* Cal. Welf. & Inst. Code §§ 11462(g)(5), (f)(2)(A).

We review the scope of injunctive relief for abuse of discretion. *See Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 993 (9th Cir. 2009). In both appeals, the State contends that the district court abused its discretion by granting injunctive relief that requires California to increase funding for the approximately forty-one percent of resident foster children who do not meet the eligibility criteria of the Child Welfare Act, 42 U.S.C. § 670 *et seq*. *See* 42 U.S.C. § 672(a)(1)-(3) (defining eligibility criteria). This argument fails.

The State did not waive its objection to the district court's inclusion of non-federally eligible children within the terms of the injunction. The State's Eleventh Amendment challenge may be raised at any time. *See Oregon v. Legal Services Corp.*, 552 F.3d 965, 969 (9th Cir. 2009); *see also Edelman v. Jordan*, 415 U.S. 651, 678 (1974) ("[T]he Eleventh Amendment defense sufficiently partakes of the

3

nature of a jurisdictional bar so that it need not be raised in the trial court[.]"). "We review de novo whether Eleventh Amendment immunity applies." *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 846 (9th Cir. 2002).

The district court's judgment and preliminary injunction order did not exceed its jurisdiction, the scope of the pleadings, or our remand in *Allenby*, 589 F.3d at 1023. "In determining the scope of an injunction, a district court has broad latitude, and it must balance the equities between the parties and give due regard to the public interest." *California ex rel. Lockyer v. U.S. Dept. of Agriculture*, 575 F.3d 999, 1020 (9th Cir. 2009), *as amended* (citation omitted). The district court extended injunctive relief to all California foster children based on our interpretation of the Child Welfare Act in *Allenby*, 589 F.3d at 1023. The district court's undisputed finding was that because the State does not distinguish between federally-eligible and non-federally eligible children when making group home program placements or setting payment rate levels, reimbursing foster care providers at lower rates for non-federally eligible children inevitably dilutes funds for federally-eligible children.

There was no violation of the Eleventh Amendment because the district court's preliminary injunction order and judgment fall squarely within the doctrinal exception of *Ex Parte Young*, 209 U.S. 123, 159-60 (1908). *See, e.g., Cardenas*

*v. Anzai*, 311 F.3d 929, 934-35 (9th Cir. 2002).  A district court may enjoin state officials from future violations of a federal statute, "even if it might require substantial outlay of funds from the state treasury, provided that it does not award retroactive relief for past conduct." *Natural Resources Def. Council v. Cal. Dept. of Transp.*, 96 F.3d 420, 422 (9th Cir. 1996) (citation omitted).

The district court's permanent injunction in Appeal No. 10-15593 is **AFFIRMED**.  The district court's  preliminary injunction order in Appeal No. 09-17649 is **AFFIRMED**.